# EXHIBIT "A"

### IN THE CIRCUIT COURT OF PERRY COUNTY, ALABAMA

| | |
|---|---|
| SOUTHEASTERN CHEESE CORPORATION )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ENGINEERED TEXTILE PRODUCTS, INC., )<br>and FICTITIOUS DEFENDANTS A, B, C, D )<br>& E who are those persons, corporations, )<br>partnerships or entities who manufactured, )<br>installed, constructed or sold the Cover at issue, )<br>and/or acted either as principal or agent, for or in )<br>concert with the other named Defendants and/or )<br>whose acts caused or contributed to the damages )<br>sustained by the Plaintiff, whose identities are )<br>unknown to Plaintiff, but which will be )<br>substituted by amendment when ascertained, )<br>)<br>Defendants. ) | Case No.: CV- 2012-_____<br><br>*Trial by Jury Requested* |

### COMPLAINT

**COMES NOW**, Plaintiff, Southeastern Cheese Corporation, by and through the undersigned counsel, and hereby files this Complaint against Defendant Engineered Textile Products, Inc., and Fictitious Defendants A through E. In further support, Plaintiff states as follows:

#### PARTIES

1. Plaintiff Southeastern Cheese Corporation ("Southeastern Cheese") is a domestic corporation with its principal place of business in Uniontown, Perry County, Alabama.

3. Fictitious Defendants A, B, C, D, & E are those persons, corporations, partnerships or entities who manufactured, installed, constructed or sold the Cover at issue, who acted either as principal or agent, for or in concert with the named Defendant and/or whose acts caused or contributed to the damages sustained by the Plaintiff, whose identities are unknown to Plaintiff, but which will be substituted by amendment when ascertained.

## JURISDICTION

4. Jurisdiction is proper in this Court pursuant to ALA. CODE §12-11-30(1)(1975), as Plaintiff's claims exceed $10,000.

5. Plaintiff asserts no federal cause of action in this Complaint. To the extent any federal claim might be available to Plaintiff with respect to the activities alleged herein, Plaintiff specifically waives any such federal claim.

## STATEMENT OF FACTS

6. Plaintiff, Southeastern Cheese, is a private cheese processing company.

7. Plaintiff manufactures its product by converting milk to a solidified curd through a multi-step process in which rennet whey and other organic compounds are produced as a byproduct.

8. The whey and other organic byproducts are considered organic waste, and must be treated via a multi-pond waste water treatment system before being discharged from the Plaintiff's facilities.

9. Plaintiff discharges waste water from its treatment system pursuant to a permit issued by the Alabama Department of Environmental Management ("ADEM").

10. The first pond ("Pond One") in the treatment system is an acidogenesis unit in which acid hydrolysis and fermentation convert carbohydrates and protein in the waste water to fatty acids, ammonia, and ultimately acetic acid.

11. The second pond ("Pond Two") in the system is a covered methanogenic unit in which anaerobic bacteria further break down the acetic acid and other waste flowing from Pond One.

12. Pond Two discharges to pond three ("Pond Three"), the first aerobic pond in the system, where residual waste is oxidized such that mineralized nitrogen and other byproducts are further removed.

13. Pond Three discharges to a small mixing chamber and then to an overland flow area for initial solids removal before collecting in pond four ("Pond Four") at the southwest corner of the system. A pump station at Pond Four circulates water back to the mixing chamber to continuously cycle water through the overland flow area.

14. Plaintiff's waste water treatment system discharges into the City of Uniontown's Publicly Owned Treatment Works.

15. If the cover over Pond Two fails, the pond will lose biomass and fail to perform its methanogenic function.

16. The methanogenic function of Pond Two is critical to the operation of Plaintiff's waste water treatment system, such that the system as a whole will fail if Pond Two fails.

17. Plaintiff purchased a cover (the "Cover") for Pond Two from Defendant ETP in or around June 2008.

18. Defendant ETP represented and warranted to Plaintiff that the Cover was of a type, kind, grade, quality and material suitable for use on Pond Two.

19. Defendant ETP knew, or should have known, that the Cover was critical to the overall function of Plaintiff's wastewater treatment system.

20. Defendant ETP installed the Cover in or around July 2008.

21. In or around February 2011, the Cover suffered a catastrophic failure.

22. The Cover's failure resulted in the loss of biomass from Pond Two, as well as the buildup of sludge and other solid deposits in Ponds Three and Four, thereby severely impairing the function of Plaintiff's waste water treatment system.

23. Since the Cover's failure, Plaintiff's waste water treatment system has not functioned.

24. The Cover failed for one or more of the following reasons: the material with which it was made suffered from a manufacturing defect; or, the Cover failed because it was not UV resistant; or, the Cover failed because the material with which it was made was unsuitable for use in conjunction with the Plaintiff's waste water treatment system; or, the Cover failed due to Defendant ETP's improper installation.

25. As a result of the Cover's failure, Plaintiff has suffered substantial loss to its waste water treatment system, and will continue to suffer severe damage and loss by the actions necessary to remedy the problem. Additionally, Plaintiff has suffered a loss of profits.

26. Plaintiff is currently under a Consent Order issued by ADEM with regard to Plaintiff's inability to meet the obligations of its waste water discharge permit. The Consent Order requires that Plaintiff restore its waste water treatment system to a minimum level of functionality by March 8, 2012, or be subject to fines up to and including $25,000 per violation, per day out of compliance.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

27. Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

28. Defendant ETP was and is a merchant engaged in the business of selling products such as the Cover.

29. Defendant ETP sold the Cover to, and installed the Cover for, Plaintiff in a defective condition unreasonably dangerous to Plaintiff's waste water treatment system.

30. Defendant ETP and Plaintiff expected the Cover to reach Plaintiff without any substantial change in the condition in which the Cover was sold, and the Cover did so reach Plaintiff.

31. As a proximate result of Defendant ETP's conduct, Plaintiff has suffered, and continues to suffer, substantial economic damage, including, but not limited to, the lost value of its original Cover; the lost value of its waste water treatment system; expenses and costs associated with maintenance and management of its waste water treatment system; lost profits and sales; and foregone business opportunities due to resources being diverted to correct the waste water treatment system.

Wherefore, Plaintiff claims compensatory and punitive damages against Defendants to the fullest extent allowed by award from a jury.

## COUNT TWO
### (Negligence)

32. Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

33. Defendant ETP was under a duty to select and install the Cover for Pond Two in accordance with a standard of reasonable care.

34. Defendant ETP informed Plaintiff that the Cover was suitable for use with Plaintiff's waste water treatment system.

35. Defendant ETP knew, or should have known, that the Cover was unsuitable for Plaintiff's waste water treatment system.

36. Defendant ETP breached the duty it owed to Plaintiff by failing to provide a reasonably suitable Cover for Plaintiff's waste water treatment system.

37. As a proximate result of ETP's breach of duty, Plaintiff was, and continues to be, damaged as set forth in Paragraph 31.

Wherefore, Plaintiff claims compensatory and punitive damages against Defendants to the fullest extent allowed by award from a jury.

## COUNT THREE
### (Negligent Failure to Warn)

38. Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

39. At all times, Defendant ETP was aware of Plaintiff's intended use of the Cover.

40. Defendant ETP knew, or should have known, at the time it sold the Cover to Plaintiff that the Cover was not a suitable product for Plaintiff's intended purpose.

41. Defendant ETP knew, or should have known, that if the Cover failed Plaintiff's waste water treatment system would cease to function.

42. Plaintiff was not aware of, nor could Plaintiff have ascertained, any facts or circumstances indicating that the Cover was not a suitable product for use in conjunction with the substances present in Pond Two.

43. Defendant ETP negligently failed to warn or instruct Plaintiff as to the potential risks of using the Cover for Plaintiff's intended purpose.

44.     As an actual and proximate result of Defendant ETP's negligent failure to warn, Plaintiff was, and continues to be, damaged as set forth in Paragraph 31.

Wherefore, Plaintiff claims compensatory and punitive damages against Defendants to the fullest extent allowed by award from a jury.

## COUNT FOUR
### (Negligent Supervision)

45.     Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

46.     Defendant ETP was under a duty to install and oversee proper installation of the Cover at Plaintiff's wastewater treatment system in accordance with a standard of reasonable care.

47.     Defendant ETP breached the duty it owed to Plaintiff by failing to exercise reasonable care in its oversight and installation of the Cover at Plaintiff's waste water treatment system.

48.     As a result of the Defendant's conduct, Plaintiff was, and continues to be, damaged as set forth in Paragraph 31.

Wherefore, Plaintiff claims compensatory and punitive damages against Defendants to the fullest extent allowed by award from a jury.

## COUNT FIVE
### (Wantonness)

49.     Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

50.     Defendant ETP informed Plaintiff that the Cover was suitable for Plaintiff's intended use on Pond Two and Plaintiff's waste water treatment system.

51.     Defendant ETP knew, or reasonably should have known, that the Cover it sold to Plaintiff was unsuitable for Plaintiff's wastewater treatment system.

52. Defendant ETP knew, or reasonably should have known, that the Cover's failure at Plaintiff's wastewater treatment facility would significantly impair Plaintiff's wastewater treatment system.

53. With reckless indifference to the consequences, Defendant ETP consciously and intentionally sold equipment to Plaintiff that was unsuitable for application at Plaintiff's wastewater treatment system and incapable of performing to the Plaintiff's needs.

54. With reckless indifference to the consequences, Defendant ETP failed to properly install, or supervise the installation of, the Cover.

55. As a proximate result of the Defendant's conduct, Plaintiff was, and continues to be, damaged as set forth in Paragraph 31.

Wherefore, Plaintiff claims compensatory and punitive damages against Defendants to the fullest extent allowed by award from a jury.

## COUNT SIX
### (Breach of Contact)

56. Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

57. Plaintiff entered into a contract with Defendant ETP for the sale and installation of the Cover over Pond Two.

58. The Cover which Plaintiff contracted to purchase from Defendant ETP was required to be compatible with the substances present in Plaintiff's waste water treatment system.

59. The contract required payment by Plaintiff to Defendant ETP under the terms of the contract.

60. Plaintiff performed its duties and obligations under the contract.

61.     Defendant ETP breached the contract by selling a cover to Plaintiff that was not compatible with the substances and setting present in Pond Two and Plaintiff's waste water treatment system, and by negligently and improperly effecting the Cover's installation.

62.     Defendant ETP knew, or should have known, that the Cover's failure would significantly impair and damage the function of Plaintiff's entire wastewater treatment system, and as such, would cause significant economic hardship to Plaintiff.

63.     Defendant ETP knew, or should have known, that Plaintiff's cheese processing operation is reliant on the function of Plaintiff's wastewater treatment system.

64.     Defendant ETP knew, or should have known, that the failure of Plaintiff's waste water treatment system caused by the Cover could subject Plaintiff to environmental penalties and sanctions.

65.     As a proximate result of Defendant ETP's breach of contract, Plaintiff was, and continues to be, damaged as set forth in Paragraph 31.

Wherefore, Plaintiff claims compensatory, consequential and incidental damages against Defendants to the fullest extent allowed by award from a jury.

## COUNT SEVEN
### (Breach of Warranty)

66.     Plaintiff realleges all prior paragraphs of the Complaint as if fully set forth herein.

67.     Defendant ETP expressly and impliedly warranted to Plaintiff that the Cover was fit for the particular purpose for which the Cover would be used.

68.     At the time of sale, Defendant ETP knew the particular purpose for which the Cover would be used.

69.     Defendant ETP knew at the time of sale that Plaintiff was relying on its skill and expertise to furnish a cover suitable for Plaintiff's purposes.

70. Defendant ETP breached its warranty of fitness for a particular purpose by failing to provide equipment reasonably fit and suitable for the use for which it was selected.

71. As a proximate result of Defendant ETP's breach of warranty, Plaintiff was, and continues to be, damaged as described in Paragraph 31.

Wherefore, Plaintiff claims compensatory, consequential and incidental damages against Defendants to the fullest extent allowed by award from a jury.

Respectfully submitted,

RHON E. JONES (JON093)
Rhon.jones@beasleyallen.com

J. PARKER MILLER (MIL138)
Parker.miller@beasleyallen.com

Attorneys for Plaintiff
Southeastern Cheese Corporation

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, Alabama 36103-4160
334-269-2343
334-954-7555 (fax)

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

OF COUNSEL

**Service of Defendant requested by Certified Mail at the following address:**

Engineered Textile Products, Inc.'s
c/o John K. Robinson
715 Loeffler Street
Mobile, AL 36607