IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMTRUST INSURANCE COMPANY OF KANSAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number: |
| | ) | 2:12-cv-713-MHT-SRW |
| ENGINEERED TEXTILE PRODUCTS, INC., and SOUTHEASTERN CHEESE CORPORATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF AMTRUST INSURANCE COMPANY OF KANSAS, INC'S OPPOSITION TO DEFENDANT ENGINEERED TEXTILE PRODUCTS, INC.'S  MOTION TO DISMISS AND ALTERNATIVE MOTION TO STAY**

COMES NOW the plaintiff in this case, AmTrust Insurance Company of Kansas, Inc., ("AmTrust"), and respectfully submits its Opposition to the Motion to Dismiss and Alternative Motion to Stay filed by defendant Engineered Textile Products, Inc. ("ETP"). AmTrust respectfully requests that this Court deny ETP's Motion and as grounds therefore, sets forth and says as follows:

This is a declaratory judgment action in which AmTrust seeks a judicial determination whether AmTrust has a duty to defend and/or a duty to indemnify its former insured ETP  in an Alabama state court civil proceeding styled *Southeastern Cheese Corporation v. Engineered Textile Products, Inc.*, bearing Civil Action

Number CV 2012-900028, pending in the Circuit Court of Perry County, Alabama (hereafter "*Southeastern Cheese* litigation).

This declaratory judgment action involves liability insurance policies issued to ETP by AmTrust. As set forth in AmTrust's Complaint, AmTrust issued a commercial general liability insurance policy and a commercial umbrella policy to ETP with effective policy periods from February 8, 2010 through February 8, 2011. AmTrust is currently defending ETP in the *Southeastern Cheese* litigation under reservation of rights pending the outcome of this declaratory judgment action.

As plead in the Complaint, AmTrust seeks a declaration that it has no duty to either defend or indemnify its former insured ETP in the *Southeastern Cheese* litigation. ETP contends coverage is afforded to it under the AmTrust policies. AmTrust has raised various coverage defenses and exclusions in the Complaint filed in this case, primarily the fact that the incident giving rise to the underlying litigation, the failure of an ETP environmental cover for a wastewater treatment pond, occurred on or about the week of February 17, 2011, approximately 10 days after the coverage afforded under the AmTrust policies had expired. AmTrust respectfully submits that this Court should deny ETP's Motion to Dismiss and Alternative Motion to Stay this declaratory judgment action and retain jurisdiction over this case because an actual controversy exists that is ripe to be decided. AmTrust contends that the defense and

indemnity issues raised in the Complaint before this Court are ripe for adjudication regardless of the final outcome of the *Southeastern Cheese* litigation.   As such, AmTrust respectfully requests this Court to deny ETP's Motion.

**I.     THIS COURT HAS JURISDICTION OVER THIS DECLARATORY JUDGMENT ACTION BECAUSE A RIPE CONTROVERSY EXISTS**

AmTrust submits that this Court has jurisdiction over this case under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988) and that the amount in controversy requirements for jurisdiction are met in this case.  With respect to the amount in controversy requirements of 28 U.S.C § 1332, the Court need look no further than the contract which ETP has submitted in support of its Motion.  The value of this contract alone exceeds the amount in controversy requirement and totals $128,123.00.  As plead in the complaint in the *Southeastern Cheese* litigation, Southeastern Cheese seeks damages for not only the alleged breach of this $128,123.00 contract but in addition also seeks to recover alleged lost profits, lost sales and other damages including punitive damages arising out of the failure of its wastewater treatment system.   Clearly the amount in controversy requirement is satisfied in this case.

It is well settled that the Declaratory Judgment Act "confers on federal court's unique and substantial discretion in deciding whether to declare the rights of

litigants." *Atlantic Cas. Ins. Co. v. GMC Concrete Co.,* 2007 WL 4335499 *2 (S.D.

Ala.)(quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L.

Ed. 2d 214 (1995)).  Although the Act is an enabling act that confers discretion on the

courts rather than an absolute right upon the litigants, the Eleventh Circuit has noted

that the Act gives the federal courts the competence to make a declaration of rights.

*Id.*

In all cases arising under the Act, the threshold question is whether a justiciable

controversy exists. *Atlanta Gas Light Co. v. Aetna Cas. & Sure Co.,* 68 F.3d 409, 414

(11ᵗʰ Cir. 1995).  Federal jurisdiction under the Act was limited by Congress to actual

controversies, statutorily recognizing the fact that federal judicial power under Article

III, Section 2, of the U.S. Constitution extends only to actual "cases or controversies."

*Id.*  "Whether such a controversy exists is determined on a case by case basis."  *Id.*

The inquiry is, whether, under all of the circumstances, the facts show "that there is

a substantial controversy between the parties having adverse legal interests, of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257 (N.D. Ala. 1999)(quoting

*Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S. Ct., 510, 513,

85 L. Ed. 826 (1941)).

In this case, an actual justiciable controversy, one that is ripe for adjudication,

exists because the parties dispute whether coverage exists under the AmTrust policies. AmTrust contends there is no coverage under their respective policies, whereas ETP contends that the claims against ETP in the *Southeastern Cheese* litigation are covered under the AmTrust policies. Several federal courts have held that an actual controversy exists when an insurer seeks a judicial determination that it owes no duty to defend or indemnify its insured in a state court case that has not concluded.  See *American States Ins. Co. v. Bailey*, 133 F. 3d 363 (5th Cir. 1993)(holding that the district court properly ruled on the duty to defend and duty to indemnify issues despite the fact that the liability of the insured had not yet been determined in the state court case); *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 85 L. Ed. 826, 61 S. Ct. 510 (1941)(stating that an actual controversy exists between the insurer and insured even though the liability case against the insured had not been reduced to a judgment).  As set forth below, both the duty to defend and duty to indemnify issues are ripe and actual controversies that are should be decided by this Court, regardless of the outcome of the *Southeastern Cheese* litigation.

**A.**     **Both the Duty to Defend and Duty to Indemnify Issues are Ripe for Adjudication With Respect to Whether the Incident Giving Rise Southeastern Cheese's Claims Against ETP Occurred Within AmTrust's Policy Period.**

ETP argues that a resolution of both the defense indemnity issues are premature

in advance of resolution of factual issues and/or liability in the *Southeastern Cheese*

litigation.  As this Court is well aware, an insurer's duty to defend is broader than its

duty to indemnify.  *Ladner & Co., Inc. v. Southern Guarantee Ins. Co.,* 347 So. 2d

100, 102 (Ala. 1977).  In determining an insured's duty to defend, "a court looks to

the language in the insurance policy and the allegations in the complaint filed against

the insured." *Canal Ins. Co. v. Cook,* 564 F. Supp. 2d 1322, 1327 (M.D. Ala. 2008).

In *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257 (N.D. Ala. 1999), the court

denied a motion to dismiss a declaratory judgment complaint filed by an insurance

company seeking a declaration that it owed no duty to defend or indemnify its

insureds.  In *Evans*, district court stated as follows about the duty to defend:

> The duty to defend is more extensive than the duty to
> indemnify.  If the court determines that there is a duty to
> defend, it may well be appropriate not to then reach the
> further issue of duty to indemnify.   However, a
> determination that there is no duty to defend may well
> determine the duty to indemnify issue.  **Both discretion
> and common sense mandate that the court retain
> jurisdiction at least until the duty to defend issue is
> determined, consistent with *Maryland Cas. Co.*

*Id.* at 1262.  (emphasis added).

As noted in *Evans*, the duties to defend and indemnify are separate and distinct

duties not dependent on one another.  *Id.* at 1261.  The duty to defend is not

dependent on payment being made or the damage to claimant in the underlying

6

litigation or the rendition of a judgment declaring the insured's legal obligation to pay. *Id.* In *Cincinnati Ins. Co. v. Holbrook,* 867 F. 2d 1330 (11th Cir. 1989), the Eleventh Circuit held that, even though the issue of liability had not yet been resolved in the state court, an insurer was not automatically foreclosed from seeking a declaratory judgment from a federal court. To the contrary, the insurer could still litigate its duty to defend the insured for the claims made against the insured, especially since the cost of providing a defense is expensive and could potentially constitute a waiver of the coverage issue. *Id.* at 1262. Based on this rationale, the *Evans* court decided that it should retain jurisdiction to hear both the duty to defend and indemnify issues.

In this case, AmTrust contends that there is no duty to defend or indemnify ETP in the *Southeastern Cheese* litigation primarily because ETP's AmTrust policies had lapsed at the time of the incident giving rise to the claims and damages raised by Southeastern Cheese in the underlying litigation. As plead in the Complaint, AmTrust contends that the incident at issue, which Southeastern Cheese alleges was a "catastrophic" event, occurred on our about February 17, 2011, which is *after* the coverage afforded by the AmTrust polices had expired. *See ex: Assurance Co. of Am. v. Admiral Ins. Co.,* 2011 WL 1897589 (S.D. Ala. May 18, 2011); *American States Ins. Co. v. Martin,* 662 So.2d 245, 250 (Ala.1995) citing *U.S. Fid. & Guar. Co. v.*

*Warwick Dev. Co., Inc.*, 446 So. 2d 1021, 1024 (Ala.1984)(" A majority of courts have held that in order to have liability under the terms of such a policy the 'occurrence' must arise during the policy period, for it is the insurance that is in force at the time of the property damage that is applicable rather than insurance that was in force when the work was performed."). Therefore, in this case a judicial determination by this Court that the incident and damage giving rise to the underlying litigation occurred *after* the AmTrust policies had lapsed, as alleged AmTrust's Complaint, would be dispositive of not only the duty to defend but also the duty to indemnify issues raised in the Complaint.

Based on these facts as alleged in the Complaint, AmTrust contends that it does not have a duty to defend ETP nor a duty indemnify ETP. With respect to whether the incident giving rise to the *Southeastern Cheese* litigation occurred within the AmTrust policy periods or after the AmTrust policies expired, neither the duty to defend nor duty to indemnify issues are dependant on the outcome of the underlying litigation. In fact, a decision that AmTrust owes no duty to defend in this circumstance would render moot any indemnity issues. The resolution of this issue is not complex, either the catastrophic event as alleged occurred when AmTrust claims in its Complaint, thus outside the AmTrust policy period, or it did not.

Just as the duty to defend issue is ripe, so, to is the duty to indemnify issue ripe

for consideration by this Court.   Alabama federal district courts and the Eleventh

Circuit have held that courts should retain jurisdiction to hear both the duty to defend

and indemnification issues.  See *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d

1257 (N.D. Ala. 1999); *Cincinnati Ins. Co. v. Holbrook,* 867 F. 2d 1330 (11ᵗʰ Cir.

1989).

In *Evans*, the Court denied a motion to dismiss a declaratory judgment

complaint filed by an insurance company (EMC) seeking a declaration that it owed

no duty to defend or indemnify its insured.  EMC's insured filed a motion to dismiss,

arguing that the declaratory judgment action was not ripe for adjudication because the

liability of EMC's insured in an underlying state court case had not yet been

determined.  After discussing the differences between the duty to defend and the duty

to indemnify, the *Evans* court decided that it should retain jurisdiction to hear both

the duty to defend and indemnify issues.  Although EMC's insured cited cases stating

that indemnification issues are not ripe until the liability of the insured has been

determined, the *Evans* court held that any indemnity issue decided by it would have

to be based on the presently stated claims in the underlying state court action against

EMC's insured and that any determination would not affect potential issues which

would later arise.  While the court noted that it might be appropriate to set aside the

issue of indemnification pending the outcome of the underlying state court case, the

court stated that, if there was no duty to defend, then that might dispose of the indemnity issues.   As such, the *Evans* court denied the motion and retained jurisdiction.

> **B.      Regardless of the Outcome of the Southeastern Cheese Litigation, AmTrust Owes No Duty to Defend Nor Indemnify ETP for Claims or for Damages Excluded by the Absolute Pollution Exclusion**.

The Southeastern Cheese litigation arises from the alleged failure of ETP's product, an environmental cover for a wastewater treatment pond.   Southeastern Cheese alleges that the failure of the ETP cover caused the overall failure of Southeastern Cheese's wastewater treatment system.   Simply put, the underlying litigation concerns pollution control measures pollution related claims and alleged damages associated with the release of pollutants as defined by the AmTrust insurance policies.

Southeastern Cheese manufactures cheese through a multi-step process that produces organic compound by-products that, according to its complaint in the underlying case, "...must be treated via a multi-pond wastewater treatment before being discharged..."(Southeastern Cheese Complaint ¶¶ 6-8).   These wastewater discharges from the Southeastern Cheese facility are regulated by the Alabama Department of Environmental Management ("ADEM").   (Southeastern Cheese Complaint ¶¶ 8-9).   Due to the failure of water treatment pollution control measures

which Southeastern Cheese blames on the failure of the ETP water treatment pond

cover, Southeastern Cheese claims it has suffered various damages.  Southeastern

Cheese alleges in its complaint that its facility had a catastrophic event when the ETP

cover failed which "...resulted in the loss of biomass from Pond Two, as well as the

buildup of sludge and other solid deposits in Ponds Three and Four, thereby severely

impairing the function of Plaintiff's wastewater treatment system."  (Southeastern

Cheese Complaint ¶¶ 21-22).  Southeastern Cheese claims in its complaint that it

suffered damages in the form of the "lost value of its original cover; the lost value of

its wastewater treatment system; expenses and costs associated with maintenance and

management of its wastewater system; lost profit and sales; and foregone business

opportunities due to resources being diverted to correct the wastewater treatment

system."  (Southeastern Cheese Complaint ¶¶ 26, 31).  The Southeastern Cheese

complaint also claims damages as a result of its wastewater treatment facility failing

to function property, thereby causing pollutants to enter the Uniontown, Alabama

water source in violation of a Consent Order issued by ADEM. (Southeastern Cheese

Complaint, ¶¶ 23-26).

As detailed in AmTrust's Complaint, both the AmTrust CGL policy and

umbrella policy exclude from coverage any claims or damages arising from pollution

events such as those giving rise to the Southeastern Cheese litigation.  Pollutants are

defined in both the AmTrust CGL policy and the umbrella policy as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed". (AmTrust policy, page 14, ¶ 15)

Therefore, regardless of whether Southeastern Cheese prevails in the underlying litigation against ETP, there simply is no coverage afforded ETP for Southeastern Cheese's claims and alleged damages, all of which unquestionably arise from a pollution event.   On its face, the factual averments and damages set out in the complaint filed in the Southeastern Cheese litigation when compared to the absolute pollution exclusions contained in the AmTrust policies permits a decision by the Court as to whether any coverage is afforded and thus any ongoing duty to continue to defend ETP in the underlying litigation on the part of AmTrust.   As such, this Court should deny ETP's Motion.

C.   **Regardless of the Outcome of the Southeastern Cheese Litigation, AmTrust Owes No Duty to Defend Nor Indemnify ETP for Claims or for Damage to ETP's Product Itself**.

ETP acknowledges in its Motion that the "your product" exclusion in the AmTrust policy precludes coverage for property damage to "your product" which is defined in part as "any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (a) You ...".   Without question,

Southeastern Cheese claims as damages in the underlying litigation the cost of ETP's product itself, i.e. the ETP environmental pond cover alleged by Southeastern Cheese to have been manufactured and/or sold by ETP. There is no question that any arguable coverage under the AmTrust policies for claims for damage to the ETP environmental cover itself is excluded by the "your product" exclusion and this Court should decide this coverage issue.

**D.     ETP's Subsequent Insurers Are Not Necessary Parties to This Declaratory Judgment Action and Even If they Were, Would be Aligned as Party Plaintiffs as Opposed to Defendants.**

A decision by this Court that the "catastrophic" failure of ETP's environmental water treatment cover occurred outside of AmTrust's policy periods, as alleged by AmTrust in its Complaint, in now way affects any coverage which may be afforded to ETP under any subsequent much less prior policies of insurance which ETP may have with any other insurance carriers. As such, with respect to this determination, no other insurance carrier other than AmTrust is necessary to a proper adjudication of this declaratory judgment action.

Further, even assuming that coverage under any subsequent policies of insurance which ETP may have with another insurance carrier could involve similar coverage defenses such as those raised by AmTrust, such insurance carrier would have the opportunity to intervene in this declaratory judgment action as a party

plaintiff and likewise seek this Court's determination of any similar coverage defenses. Too the extent this Court is inclined make a determination at this time that subsequent insurance carriers for ETP are necessary parties and should be joined, such carriers would necessarily need to be joined and aligned as party plaintiffs seeking a similar judicial determination of coverage issues as opposed to a party defendant. Simply put, AmTrust is not an adverse party with respect to subsequent coverages afforded under other insurance policies as opposed to being adverse to ETP and/or Southeastern Cheese in terms of coverage for defense of its former insured and/or potential indemnification obligations for damages sought by Southeastern Cheese.

## III.   CONCLUSION

28.    AmTrust submits that ETP's Motion is due to be denied. The duty to defend issue is ripe for adjudication. Likewise, the indemnification issue is ripe to be decided because such issue is not dependent on the outcome of the *Southeastern Cheese* litigation. Therefore, AmTrust respectfully requests this Court to deny ETP's Motion and otherwise allow this case to proceed. Alternatively, AmTrust requests that this Court allow the parties to litigate the duty to defend issue and retain jurisdiction over the indemnification issue pending a decision on the duty to defend issue, the outcome of the *Southeastern Cheese* litigation or any other events that this

Court deems appropriate.

                                                           Respectfully submitted,

                                                        /s/ Lee Patterson
                                                        Jeff Friedman
                                                        Lee Patterson
                                                        Attorneys for AmTrust Insurance Company of Kansas, Inc.

**OF COUNSEL:**
Friedman, Dazzio, Zulanas & Bowling, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

## CERTIFICATE OF SERVICE

       I hereby certify that on the 2nd day of November, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to the following counsel of record:

Mr. Parker Miller
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103

Mr. Michael R. Pennington
Mr. Robert J. Campbell
BRADLEY ARANT BOULT CUMMINGS, LLP
One Alabama Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

                                                        /s/ Lee Patterson
                                                        Of Counsel